CURETON, C. J. The writ of mandamus is refused as recommended by the Commission of Appeals.

---

UVALDE ROCK ASPHALT CO. v. ASPHALT BELT RY. CO. et al.    (No. 556-4097.)

(Commission of Appeals of Texas, Section A. June 12, 1924.)

1. Injunction ⬤⟿111—Venue of suit for injunction against trespass to lands in county of defendant's domicile.

Under Rev. St. art. 1830, subd. 30, providing that, when venue is expressly prescribed, the suit shall be begun in the county to which jurisdiction is so given, and article 4653, providing that writs of injunction shall be tried in the district or county court of the county in which defendant has his domicile, venue of a suit to enjoin railroad companies from building road on plaintiff's land was in county of domicile of defendants, notwithstanding article 1830, subds. 9, 14, relating to venue of actions concerning lands, and under article 4643 the district judge of the county in which the lands lay had no authority to grant an injunction.

2. Injunction ⬤⟿139—No judge other than that of court to which writ is returnable can grant it without proper affidavit.

No judge other than of the court to which a writ of injunction is returnable can grant it, without proper affidavit showing why application was not made to the judge of the county court, where the writ was returnable.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by the Uvalde Rock Asphalt Company against the Asphalt Belt Railway Company and others. From a judgment of the San Antonio Court of Civil Appeals (256 S. W. 675), reversing an order granting a temporary injunction, and rendering judgment that the order for injunction be not granted, plaintiff brings error. Affirmed.

Kampmann & Burney, of San Antonio, Martin & Martin, of Uvalde, and Andrews, Streetman, Logue & Mobley, of Houston, for plaintiff in error.

Boyle, Ezell & Grover, of San Antonio, J. D. Wheeler, of Aransas Pass, and Mason Williams, of San Antonio, for defendants in error.

CHAPMAN, J. Petitioner in the court below, who is plaintiff in error in this court, applied to the judge of the district court of Uvalde county to restrain defendants from building their line of railway along and across certain lands in Uvalde county.

Petitioner alleged that it was the owner in fee simple, in actual, open, and notorious possession, and entitled to the possession of said lands, to wit, certain valuable deposits of a mineral on, upon, and under said land, known as rock asphalt; that said rock asphalt is of such a nature, and the deposits thereof so located with reference to the surface of the earth, that the only practical and feasible method of removing the same is by quarrying, or, as it is termed, strip-mining, the same; that is to say, by removing the surface covering of earth, stone, and the like, superimposed upon said mineral deposit (where said mineral deposit does not, as it sometimes does, crop out or lie exposed on the surface of the earth) by blasting, steam and hand shovels, and the like, and by then blasting and otherwise removing the deposit from its natural location, without the use of tunnels, shoring, or subsurface digging.

Petitioner further alleged that as the owner of said mineral deposits it was vested with the right of possession of said land, particularly of the surface thereof, for the purpose of developing said mineral deposits, and further alleged that it had theretofore been engaged in producing said mineral deposits from its lands, contiguous to the land over which defendants were proceeding to construct their railway track. The only relief sought by petitioner was the writ of injunction, and that upon final hearing it be made permanent.

The allegations of petitioner as to the domicile of defendants are as follows:

"Defendant Asphalt Belt Railway Company is a railroad corporation created and existing under the laws of the state of Texas, by virtue of a charter authorizing it to construct a line of railway into and through Zavalla county and Uvalde county, Texas, into both of which counties its line of railway extends, and having its principal office and place of business in San Antonio, Bexar county, Texas, where its president, H. P. McMillan, upon whom service for said defendant may be had, resides and has his office. Defendant San Antonio, Uvalde & Gulf Railroad Company is a railroad corporation created and existing under the laws of the state of Texas, with a line of railway extending into Uvalde county, and with its principal office and place of business in the city of San Antonio, Bexar county, Texas, where its president, A. R. Ponder, upon whom service for said defendant may be had, resides and has his office. The defendant A. R. Ponder, receiver, is the duly appointed, qualified, and acting receiver of the properties and assets of said San Antonio, Uvalde & Gulf Railroad Company, appointed by and acting under the orders of the District Court of the United States for the Western District of Texas, at San Antonio, in a certain cause pending upon the docket of said court and is sued herein in his capacity as such receiver but not individually."

The judge of the district court of Uvalde county granted the writ without notice, and

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the Court of Civil Appeals at San Antonio (256 S. W. 675) reversed the action of the district court and rendered judgment that the order for injunction be not granted.

[1] The first question that confronts us is as to whether the judge of the district court of Uvalde county, under the circumstances, had authority to grant the injunction asked for, or, in other words. was venue of the cause in Uvalde county? Article 1830 in 30 subdivisions deals generally with the question of venue, and in subdivision 30 of said article is the following provision:

"Whenever, in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Title 69, from article 4643 to article 4693, inclusive, of the Revised Civil Statutes, is the law of our state authorizing and regulating injunctions, and article 4653, being part of said title 69, makes provision as to which courts all writs of injunction are returnable; said article being as follows:

"Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered; writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the state, shall be returnable to, and tried in, the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts. If there be more than one party against whom any writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile."

Article 4643, also being part of said Title 69, provides that no district judge shall have the power to grant any writ of injunction returnable to any other court than his own, except under certain conditions therein specified, which conditions are not raised in the petition that we have before us. No reason is attempted to be shown why application was not made to a district judge of Bexar county for the writ of injunction. Plaintiff in error claims that venue in this suit was in Uvalde county, because of the provisions of both subdivisions 9 and 14 of article 1830; but under the provisions of subdivision 30 of said article 1830, as above set out, it seems clear to us that said two subdivisions 9 and 14 are subject to the statutes above set out governing venue in application for writs of injunction. This question was before the Court of Civil Appeals of the First District in the case of International & Great Northern Railway Co. v. Anderson County et al., 150 S. W. 240, and that court held that suits for injunction must be brought in the county of the domicile of the defendant. That case was appealed to the Supreme Court, and in an opinion by Chief Justice Phillips (106 Tex. 60, 156 S. W. 499) the court recognized the rule that, in a suit against a corporation for an injunction, where no relief is asked for other than the writ of injunction, the suit must be brought in the county of the domicile of the corporation, and that the county of the domicile of the corporation is the county in which it maintains its general offices and place of business.

[2] It seems to us that the provisions of subdivision 30 of article 1830 are perfectly plain, and, notwithstanding the general venue statute set out in subdivisions 9 and 14 of said article, that suit for injunction can only be brought in the county in which the defendant has his domicile. That no judge, other than the judge of the court to which a writ of injunction is returnable, can grant the writ, without the proper affidavit showing why application was not made to the judge of the county where the writ is returnable, is well settled. Lee et al. v. Broocks, 54 Tex. Civ. App. 220, 118 S. W. 164; City of Dallas et al. v. Armour & Co. (Tex. Civ. App.) 216 S. W. 222; Brown v. Fleming (Tex. Civ App.) 178 S. W. 964. It appearing from the provisions of the statutes above set out that the judge of the district court of Uvalde county did not have authority to grant the writ of injunction, and the Court of Civil Appeals having entered judgment reversing the judgment of the district court and rendering judgment that the order be not granted, we recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. ·