## BOX v. OLIVER.

### No. 1188.

Court of Civil Appeals of Texas. Waco.

Nov. 7, 1931.

**980**

C. S. Bradley, of Groesbeck, for appellant.

B. D. Shepperd, of Groesbeck, for appellee.

PER CURIAM.

Appellee, L. D. Oliver, instituted this suit against appellant, V. C. Box, in the district court of Limestone county, Tex., Seventy-Seventh judicial district, to enjoin him and all peace officers of the state of Texas, whose names were alleged to be unknown to appellee, from arresting, attempting to arrest, or prosecuting appellee for any violation of chapter 277 of the general laws enacted by the Legislature at its regular session in 1931 (Vernon's Ann. Civ. St. art. 911b, § 1 et seq.). Said act provides for control and regulation by the railroad commission of motor-propelled vehicles used in transporting property for compensation or hire over the public highways of this state. Appellee alleged that he resided in Limestone county, and that appellant was the regularly elected, qualified, and acting sheriff of Robertson county, Tex. Appellee presented his petition, duly verified, to the judge of the district court of said county in chambers. Said judge, upon consideration thereof, made an order restraining appellant and all other peace officers of the state of Texas, and each of them, from arresting or attempting to arrest appellee, or from in any manner interfering with him for any violation of the provisions of the act aforesaid. By the terms of said order, said restraint was to continue pending further order of the court. Appellee gave an injunction bond in the penal sum fixed by the court and made the same payable to appellant alone. A temporary writ of injunction returnable to said court was issued in pursuance of said order on October 19, 1931, but no service thereof is shown. Appellant, on the 26th day of October, 1931, perfected an appeal from said order.

### Opinion.

Appellant contends that the district court of Limestone county was without authority to grant such temporary injunction, and, further, without authority to make the same returnable to said court. The averments of appellee's petition show affirmatively that appellant is the duly qualified and acting sheriff of Robertson county, and that he is sued in such capacity. His official authority to arrest or attempt to arrest appellee for alleged violations of the provisions of said act is necessarily confined to the limits of said county. Jones v. State, 26 Tex. App. 1, 9 S. W. 53, 8 Am. St. Rep. 454. Robertson county is a part of the Eighty-Fifth judicial district of this state. Article 4656, Revised Statutes, provides that writs of injunction other than those granted to stay proceedings in a suit or execution on a judgment shall be returnable to and tried in the proper court of the county in which the defendant

has his domicile, and further provides that if such writ be issued against more than one party it may be returned and tried in the county where either defendant has his domicile. Article 4643 of said statutes provides that no district judge shall grant a writ of injunction returnable to any other court than his own, except in certain specified cases. There is no contention that this case is included within such exceptions. Injunctive relief being the sole purpose of this suit, the provisions of the articles quoted apply, and the court was without authority to make the order restraining appellant from arresting or attempting to arrest appellee in Robertson county, or to make the writ returnable to the district court of Limestone county. Uvalde Rock Asphalt Co. v. Asphalt Belt Ry. Co. (Tex. Com. App.) 262 S. W. 736, 737, par. 2, reversed on rehearing and on other grounds (Tex. Com. App.) 267 S. W. 688; City of Dallas v. Armour & Co. (Tex. Civ. App.) 216 S. W. 222, 225, par. 6 (writ refused); Lee v. Broocks, 54 Tex. Civ. App. 220, 118 S. W. 164, 166; Brown v. Fleming (Tex. Civ. App.) 178 S. W. 964, 965; Broocks v. Lee, 50 Tex. Civ. App. 604, 110 S. W. 756, 757, and authorities there cited.

Appellee contends that the district court of Limestone county had jurisdiction of this suit and authority to issue the temporary injunction, and to make the same returnable thereto, on the ground that notwithstanding appellant alone was named as defendant therein, he complained in his petition of all the peace officers of the state, alleging that their several names were unknown to him, and that he thereby made all the same parties defendant herein. He further contends in this connection that this court judicially knows that peace officers reside and function in said county and that such peace officers, though not named in his petition, were nevertheless parties defendant herein within the meaning of article 4656 above cited. As above stated, appellee did not recognize any other defendant in this suit than appellant when he made and filed his injunction bond herein. Were we to concede that appellee's petition is sufficient, under the doctrine of representation, to sustain an order restraining not only appellant, but also all the other peace officers in the state, such concession would not show the authority of the court to grant the temporary injunction herein and make the same returnable thereto, because only the persons named in the record in a class suit are parties thereto. Others of such class, although interested in the subject-matter of the litigation, are not parties thereto. City of Dallas v. Armour & Co. (Tex. Civ. App.) 216 S. W. 222, 224, par. 2 (writ refused); Houston Cemetery Co. v. Drew, 13 Tex. Civ. App. 536, 36 S. W. 802, 804. Peace officers of the state residing in Limestone county were

not parties defendant herein within the meaning of article 4656 above cited.

Since the court did not have authority to grant the injunction complained of herein, the same is here dissolved.