## SAN FELIPE INDEPENDENT SCHOOL DIST. v. NELSON.

No. 9494.

Court of Civil Appeals of Texas. San Antonio.

May 9, 1934.

On Rehearing Aug. 10, 1934.

R. M. Lyles, of Del Rio, for appellant.

John J. Foster and Phil B. Foster, both of Del Rio, for appellee.

FLY, Justice.

This is a suit instituted by appellant for the purpose of setting aside a certain order made by the state superintendent of education, and confirmed by the state board of education, in which order appellee, Nelson, had been restored to the superintendency of the school of the San Felipe Independent School District, and in which order C. E. Castaneda had been denied the superintendency of said schools. Appellee in response to the suit pleaded res adjudicata of the matters by the named school authorities and asked for and obtained a temporary writ of injunction restraining the board of trustees of said district from paying out of the school funds any salary to Castaneda, as well as a writ of mandamus compelling the board of trustees to pay into court the salary promised appellee and requiring the school district to install appellee as superintendent.

The facts are these: On the 5th day of April, 1933, the board of trustees of the school district entered into a contract with appellee by which he was made superintendent of the schools of the district for the school year 1933–1934, agreeing to pay him a salary in the sum of $2,025 for his services as such superintendent. Before the beginning of the term several new trustees were elected and the new board proceeded to elect C. E. Castaneda as superintendent of the schools, ignoring the former action of the board in selecting appellee as superintendent and entering into a contract with Castaneda as superintendent for one year. Appellee appealed from the action of the board of trustees in electing said Castaneda to the state superintendent of public education, who decided in favor of appellee and directed that he be given the office of superintendent. From his decision appellant appealed to the state board of education, which sustained the order of the superintendent of public education and upheld appellee's contract with the board of trustees. Appellant then instituted a suit in the district court to set aside the order of the superintendent and the board of education.

This is an appeal from the interlocutory order of the district court granting a temporary injunction under the statute permitting such appeal. While the action of the court in regard to the writ of mandamus has been joined in the suit, and while this court has no jurisdiction in this appeal over that matter, still the appeal from the order granting the injunction has been properly prosecuted and is before this court.

The uncontradicted testimony shows that a contract was entered into in April, 1933, by and between the board of trustees and appellee, and there is nothing appearing in the record that would invalidate or destroy the efficacy of that contract, and it appears on the surface to be merely a desire on the part of the new trustees to disregard the action of the former board and to install in the office of superintendent one of their favorites. The record fails to indicate the motives back of the action of the board of trustees. It may have been political; it may not, although the history of similar transactions might lead to the inference that politics wielded a strong influence in the action of the board of trustees.

The appeal in this case is based upon bare technicalities without any merit and foundation. Appellee had no complaint against Castaneda. He had not repudiated a solemn contract made with appellee. That was the work of the board of trustees of the school district. Allegations were made to the effect that the old board of trustees had no quorum when appellee was elected, but there is no proof supporting those allegations, and in view of the presumption of the regularity of the appointment of appellee, through a binding contract, and the findings of the state superintendent of public instruction and the state board of education that the contract was binding on the school district, this court holds that appellee was regularly appointed by a legal board of trustees of the district to the position of superintendent of the schools for the school year 1933–1934. We overrule all propositions assailing the regularity of appellee's appointment.

No defense was made or excuse offered for the action of the board of trustees to attempt to repudiate a contract made by the school district, and such contract cannot be destroyed by flimsy and baseless technicalities.

The mandamus issued by the court is not before this court for review, and the fourth

proposition, which is long and tedious and more of an argument than a proposition, is overruled, as well as all other propositions.

It is complained by appellant that no bond was required of appellee upon the granting of the writ of temporary injunction, but it appears that the court had ordered a bond of $500 theretofore in connection with a temporary restraining order issued prior to the granting of a temporary writ of injunction. We think that the $500 bond so required would be applied to the temporary writ of injunction, but should there be any doubt in regard to that matter, this court hereby orders that the bond filed for the temporary restraining order shall be and is hereby made to apply to the writ of injunction. El Campo Light, Ice & Water Co. v. Water & Light Co. of El Campo, 63 Tex. Civ. App. 393, 132 S. W. 868.

The judgment is affirmed.

## On Motion for Rehearing.

MURRAY, Justice.

Appellee has filed a reply herein, supported by affidavit addressed to appellant's motion for a rehearing, calling to our attention the fact that the school year 1933-1934 has passed and that the schools in the San Felipe Independent School District closed on May 25, 1934, and that most of the matters involved in this case have become moot. The mandamus and temporary injunction ordered issued by the trial court were superseded, and C. E. Castaneda was permitted to act as superintendent of schools in the district during the entire year.

It is now obvious that it is too late to install M. R. Nelson as superintendent of these schools, so all that is now left of this controversy as far as appellee is concerned is his claim against the school district for his salary due him under his contract, which the highest school authorities found to be a valid contract. This decision, as far as questions of fact are concerned, is binding on the trustees of the school district. Gragg v. Hill (Tex. Civ. App.) 58 S.W.(2d) 150; Borger, etc., School Dist. v. Dickson (Tex. Civ. App.) 52 S.W.(2d) 505.

We have concluded that the mandamus features of the order appealed from are so interwoven and interdependent with the injunctive features of the order that a proper disposition of this appeal requires that we consider the entire order. City of Browns-ville v. Fernandez (Tex. Civ. App.) 202 S. W. 112.

The only provisions of this order which are not now moot are: (1) That part of the order which enjoins the trustees from paying any sums of money to C. E. Castaneda, and (2) that part which requires the trustees to pay into the registry of the court the sum of $2,025.

M. R. Nelson was not entitled to an injunction restraining the board of trustees from paying Castaneda any sums that they might see fit to pay him. While Castaneda's contract had been declared to be null and void by the highest school authority, from which decision Castaneda has not appealed and which, in the absence of an appeal, is binding and conclusive upon the school trustees, and while the school trustees may render themselves personally liable by any such payment under a void contract, Borger School Dist. v. Dickson (Tex. Civ. App.) 52 S.W.(2d) 505, nevertheless Nelson has not shown himself to have such a personal interest in the school funds on hand as would entitle him to this relief.

Neither do we find that Nelson was entitled to have $2,025 paid into the registry of the court to secure the payment of his salary. In the first place, neither the pleadings nor the proof show that the trustees had this much money on hand. In the second place, the manner of the payment of debts due by the school district is vested to a large extent in the discretion of the trustees, and especially is this true where at the time of making the order authorizing the mandamus a large part of Nelson's claim was not yet due. Nelson's duty is first to reduce his claim to a judgment, and when he has secured a judgment, if there is not sufficient funds on hand to pay the same, the trustees can be required by the method of taxation to raise sufficient funds.

We wish to expressly state that we were in error in our original disposition of this cause wherein we held that the bond given in connection with the issuing of the temporary restraining order might be substituted for the bond required by law for the issuing of a temporary injunction. This, of course, cannot be done.

Appellant's motion for a rehearing will be granted, the judgment heretofore entered affirming this cause will be set aside, the order of the trial court granting the mandamus and injunction will be reversed, the mandamus set aside, and the injunction dissolved.