### SAN FELIPE INDEPENDENT SCHOOL DIST. v. NELSON.

#### No. 9704.

Court of Civil Appeals of Texas. San Antonio.

Dec. 11, 1935.

Robt. M. Lyles, of Conroe, for appellant.

Phil. B. Foster, of Del Rio, for appellee.

SMITH, Chief Justice.

At the proper time, the trustees of the San Felipe independent school district lawfully entered into a binding contract whereby they employed M. R. Nelson as superintendent. of said district for the 1933–1934 school term, at a stipulated salary of $2,025. In due course Nelson offered and undertook to enter upon and perform the duties devolving upon him under said contract, but the officials of the district arbitrarily and peremptorily prevented him from complying with the contract, and employed and inducted another into the office, who served through the term, to Nelson's exclusion. San Felipe Independent School Dist. v. M. R. Nelson (Tex.Civ. App.) 74 S.W.(2d) 136. It is undisputed that Nelson was legally elected, upon an enforceable contract, and was entitled to the honor and emoluments of the office, and to judgment for the amount of his year's salary. He obtained a judgment therefor in the court below, as well as a mandamus requiring the school authorities to pay off the same, and the school district has appealed. The only material question presented in this appeal is that of whether the pleadings and evidence concerning the financial status of the district warranted the issuance of mandamus ordering payment of Nelson's lawfully accrued salary.

The controlling propositions in this appeal relate to the sufficiency of the pleadings and evidence to warrant appellant in further circumventing and evading its plain duty to discharge its conceded obligation to pay appellee the salary to which he has been entitled since the close of the school term of 1933-1934. Specifically, it is contended by appellant that appellee did not plead and prove, with that efficiency required by law, that appellant had on hand, or would in time have available, sufficient and lawfully applicable funds with which to pay the amount concededly due appellee. We have concluded that there is no merit in this contention. Appellee specifically pleaded the facts of that essential allegation, and the evidence and findings of the learned trial judge show that at the time suit was filed and tried, appellant had on hand an unappropriated cash balance of $1,190.27 out of the state apportionment for that year, and that delinquent maintenance taxes for the years 1930, 1931, 1932, and 1933, had accrued and were collectible, which, under article 2831, R.S. 1925, would go into the general fund of the district as collected, and would be available to satisfy the judgment. The court decreed that appellant issue a warrant and pay the balance then, on hand, and further warrants against the delinquent funds, to be paid as and when collected. We conclude that this order was warranted by the record, and accordingly overrule all of appellant's propositions, and affirm the judgment.