**PORTER v. GUGGENHEIM et al.**

No. 12474.

Court of Civil Appeals of Texas. Dallas.
June 12, 1937.

Rehearing Denied July 17, 1937.

.Cedric G. Hamlin, of Dallas, for appellant.

Leo R. Tresp, of Dallas, for appellees.

LOONEY, Justice.

This appeal is from an order granting a temporary injunction. The facts material for our consideration here are these: Mrs. E. V. Guggenheim and V. E. Guggenheim by bill of sale conveyed to Joseph M. Kidd and H. M. Grizzle office furniture, fixtures, and equipment formerly owned by Harry Guggenheim, deceased, and used in connection with a business conducted in the city of Dallas under the style of National Detective Agency. The consideration for the conveyance was all paid except $200, which was evidenced by a promissory note payable in installments, to secure which the instrument reads: "It is expressly agreed and stipulated that a mortgage lien is hereby retained against all property conveyed to secure the payment of the above described note according to its reading, tenor and effect." The instrument contained neither the power of sale, nor authority to repossess, in the event of default in the payment of the note. Default having been made and, as it seems, Kidd and Grizzle having ceased to do business and abandoned their office, appellees, acting on the suggestion of an attorney, repossessed the mortgage property and removed same from the office formerly occupied by the mortgagors. At the time Kidd and Grizzle ceased operations they were indebted to B. J. Porter for services rendered in the sum of $94.-97, which, after repeated demands, Kidd and Grizzle failed and refused to pay. As the claim was secured by lien, as provided in article 5483, R.S. the same was duly fixed according to the provisions of article 5486, R.S.

Porter filed suit against Kidd and Grizzle in the justice court of Dallas county, presided over by Hon. E. John Baldwin, to recover the amount of the labor claim and $20 attorney's fee under the provisions of article 2226, R.S., and to foreclose the statutory lien on the chattels hereinbefore mentioned. At the time Porter instituted the suit he had knowledge of the claim of appellees, and that they were in possession of the chattels, but failed to make them parties to the suit. In due time, Porter obtained judgment against Kidd and Grizzle for the amount sued for, with foreclosure of the lien upon the property, and later procured the issuance of an order authorizing the seizure and sale of the chattels, then in possession of appellees, who, on demand made by the constable having the writ, refused to surrender possession thereof; thereupon appellant filed in the justice court contempt proceeding, alleging the precedent facts, and the refusal of Victor Guggenheim to surrender to the constable possession of the chattels for sale under the process, concluding with the following prayer: "Wherefore, premises considered, your plaintiff prays that said Victor Guggenheim, a resident of Dallas County, Texas, be cited to appear herein upon such day and at such hour as to the court may seem best, to show cause why, if any he has, he should not be adjudged in contempt of this Hon. Court, and that, upon the continued failure and refusal to deliver said property into the possession of said officer, he be fined or committed for contempt of this Hon. Court."

At this juncture, appellees instituted the present suit for injunctive relief, temporary and permanent, alleging the material precedent facts and praying that the defendants—that is, appellant, the justice of the peace, the constable and his deputies—be restrained from further proceeding with the attempted levy of the order of sale, and from further attempts to coerce and intimidate appellees by threatening to have fines and imprisonment imposed for failure to surrender to the constable possession of the chattels. The court granted a restraining order, set the matter down for hearing and, after hearing evidence, granted a temporary injunction reading in part as follows: "and that the temporary restraining order and injunction heretofore issued herein be and the same is hereby continued as a temporary injunction as to the defendants. B. J. Porter, Louis W. Brown constable of precinct No. 1, and Oscar H. Davis and Roy M. Odom, his deputies, subject to the further orders of the court, but that same be and is hereby modified as to the said defendants, so as to permit them to levy an order of sale upon said property herein involved subject to plaintiffs' Victor E. Guggenheim and Mrs. E. V. Guggenheim, lien, and that such levy be made only as provided by law by leaving notice of such levy with the said plaintiffs and leaving said property in the possession of plaintiffs, and if same be sold that same be sold subject to the prior lien of the said plaintiffs against said property. * * *"

From the order granting the temporary injunction this appeal was taken. The questions discussed are properly raised. At the hearing the court ruled that the burden of proof was upon appellant. This ruling is assigned as error. We think the court erred in the respect mentioned. The hearing had was not on motion to dissolve an injunction theretofore granted, but was to determine whether the temporary injunction sought by appellees would be issued. Clearly the burden of proof was upon them on the hearing and the court erred in holding to the contrary; but, as a full hearing was had, notwithstanding the erroneous ruling of the court, no harm resulted therefrom.

It is urged that the temporary writ was issued without bond. This contention is based upon the idea that the bond given as a condition precedent to the issuance of the restraining order became functus officio when the hearing was had. This contention is overruled. On the hearing, the court continued the restraining order, in part at least, as a temporary injunction, and the bond likewise continued in force and effect.

It is also contended that the bond, being for only $100, is insufficient in amount, because the judgment in favor of appellant against Kidd and Grizzle was for the sum of $114.97. This position is based upon the erroneous idea that the purpose of the injunction was to restrain the execution of a money judgment. The injunction was not to restrain the execution of the judgment, but to restrain the sale of property thereunder.

By necessary implication, we think the temporary injunction granted by the court restrained appellant from the further prosecution of the contempt proceedings. In this we find no error. Although in taking possession of the property appellees may have trespassed upon the rights of Kidd and Grizzle, yet, as the property was neither under any character of process nor in custodia legis, in refusing to surrender the chattels to the custody of the officer, appellees were not in contempt of court.

It is obvious, we think, that the case presents simply a contest for priority between lien creditors; appellant asserting a statutory lien, and appellees a contract lien, hence the result on final hearing necessarily will turn upon the decision of that contest. But in providing that the sale of property under the order issued on the judgment in favor of Porter against Kidd and Grizzle would be subject to the prior lien of appellees, the court decreed them all relief to which they would be entitled upon final hearing, and in this respect we think the court erred. The doctrine is well settled that the issuance of a temporary injunction having the effect of granting all relief to which the complainants would be entitled upon final hearing, except in rare instance, should be refused. See discussion and citation of authorities in Texas Pipe Line Co. v. Burton Drilling Co. (Tex.Civ.App.) 54 S.W. (2d) 190, 194.

Appellees also insist that the attorney fees authorized to be collected, as provided in article 2226, R.S., is not protected by the lien provided in article 5483, R.S. We sustain this contention. The statute given a lien for the amount due and owing for labor and services rendered, but does not, in our opinion, include an attorney's fee visited as a penalty for failure to pay the labor claim.

We express no opinion in regard to the merits of the case, but call attention to the following cases more or less in point on the subject of priority of liens arising under similar circumstances, to wit: Brothers v. Mundell, 60 Tex. 240, 246; Oak Cliff College, etc., v. Armstrong (Tex. Civ.App.) 50 S.W. 610, 613; Bowen v. Lansing Wagon Works, 91 Tex. 385, 391, 43 S.W. 872.

The judgment below will be reformed so as to enjoin appellant from causing to be executed the order of sale issued on the judgment in his favor against Kidd and Grizzle pending final determination of the question of priority involved; in other words, the status quo will be maintained and, as thus reformed, the judgment is affirmed. The costs of appeal will be taxed equally against appellant and appellees, because, by reason of the reformation of the judgment, neither party won a complete victory nor suffered complete defeat.

Reformed and affirmed.