### BRIDGES et al. v. WILLIAMS.
### No. 2440.

Court of Civil Appeals of Texas. Waco.
Sept. 25, 1941.

Rehearing Denied Oct. 16, 1941.

Joe Burkett, of San Antonio, for appellants.

Stewart & Barron, of Bryan, and Sam L. Harrison, of Franklin, for appellee.

TIREY, Justice.

This is an appeal from a ruling of the trial court in granting a temporary injunction at an ex parte hearing, without the introduction of any evidence. Plaintiff W. L. Williams (residence not alleged) brought this suit against L. H. Bridges, Edgar Hayes, and Leonard Hal Bridges, Jr., all of Caldwell county, Texas. He alleged substantially (1) that in April, 1941, he recovered judgment against the defendants in the district court of Caldwell county for the sum of $9,063, together with foreclosure of a chattel mortgage lien on certain personal property and printing equipment located in the city of Luling, Texas, in Caldwell county, including the sole and exclusive right to the use of the name "The Luling Signal" or "Luling Signal" as a part of the good will of the business of the Luling Signal and Print Shop; (2) that defendant Hal Bridges, Jr., gave notice of appeal from said judgment and filed an appeal bond in the sum of $200, and said judgment was not superseded; (3) that execution issued on said judgment and levy was duly made on the property in question, and the plaintiff purchased same at sheriff's sale on June 3, 1941, for the sum of $2,500, and that the sheriff executed and delivered bill of sale of said property to plaintiff; (4) that plaintiff has begun the operation of a newspaper plant in the city of Luling, and that "The Luling Signal" or "Luling Signal," as the name of plaintiff's newspaper, is a valuable property right purchased by him, and that he owns the same; that defendants are still using the name "The Luling Signal" in the operation of a newspaper and print shop, publishing and circulating newspapers bearing the name "The Luling Signal" and will not desist from using same, and that the newspapers are printed and distributed every Thursday in each week, and that said use by defendants is in violation of the rights of this plaintiff, and that such use by defendants is done in such manner as to constitute unfair and unwarranted competition with plaintiff, and that such acts are calculated to deceive and cause the public to trade and carry on business relations with defendants when, in truth and in fact, said business and its good will is the property of plaintiff, and that such use by defendants is done with intent to defraud plaintiff, "all to plaintiff's damage in the sum of $500.00"; (5) that defendants and each of them are insolvent

and that a judgment for damages against defendants will be uncollectible; (6) that the past violations by defendants against the rights of the plaintiff had been presented to the district court of Caldwell county for relief and had been denied; (7) plaintiff prayed for a temporary injunction and upon hearing that said injunction be made permanent and that said injunction require the defendants to discontinue using the name "The Luling Signal" or "Luling Signal" as the name of a newspaper published and circulated in said city and as the name of a printing shop, and for general relief.

■ The petition shows upon its face that the judge of the 77th Judicial District of Texas was without statutory right or power to issue the temporary writ of injunction, as well as without authority to make the same returnable to his court. The petition fails to state the residence of the plaintiff, but does state that the residence of the defendants is in Caldwell county. Said petition further alleges: "It is further alleged that delay in granting the relief hereinafter prayed for would be greatly injurious to plaintiff and that though properly presented to the district court of Caldwell county for relief, said relief has been denied temporarily as to past violations against the rights of plaintiffs." We think it definitely appears on the face of plaintiff's bill that injunctive relief is the sole purpose of this suit, because plaintiff's bill states that a judgment for damages against defendants would be uncollectible and that plaintiff now has a deficiency judgment against one defendant in the sum of approximately $6,600, which cannot be collected. Plaintiff's purpose is to enjoin the defendants from publishing and circulating a newspaper bearing the name "The Luling Signal." Therefore, we think the plaintiff's bill is governed by Arts. 4656 and 4643, Revised Civil Statutes. Art. 4656, Revised Civil Statutes, in part, provides: "* * * writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts." Moreover, plaintiff's bill for injunction wholly fails to show by allegation, affidavit, or otherwise, why the petition for temporary injunction could not be presented to the district judge of Caldwell county, Texas. This court judicially knows that Caldwell county is not within the 77th Judicial District, and besides, plaintiff's bill shows that previous wrongs committed by defendants against plaintiff and complained of by plaintiff, when presented to the district court of Caldwell county for relief, were denied. Since the injunction applied for in all events was returnable, under Art. 4656, to the district or county court of Caldwell county, no excuse was given as provided in Art. 4643 as to why the application was not presented to the resident judge. The writ must therefore fail. See City of Dallas v. Armour & Co., Tex.Civ.App., 216 S.W. 222, writ refused; Box v. Oliver, Tex. Civ.App., 43 S.W.2d 979; Love v. Worsham, Tex.Civ.App., 101 S.W.2d 598.

■ But appellee contends that the injunction applied for is merely ancillary to the main suit and therefore does not come within the provisions of Art. 4656, supra. We cannot agree with this contention, because the contrary abundantly appears from a reading of plaintiff's bill. If appellee's contention is true, then the amount of $500 sued for does not come within the district court's jurisdiction. See 24 Tex. Jur. § 114, p. 156; Cotton v. Rea, S.Ct., 106 Tex. 220, 163 S.W. 2, point 4; Vernon's Ann.St. Constitution, Art. 5, amended § 16.

■ Since appellee's petition shows upon its face that the judge of the 77th Judicial District was without statutory right or power to issue temporary writ of injunction as well as without authority to make the same returnable to his court, the judgment of the trial court is reversed and the temporary injunction is dissolved and the trial court is ordered to dismiss plaintiff's bill. All costs, including those in the lower court and on appeal, will be adjudged against the appellee and the sureties on his injunction bond, as provided in Art. 4649, Revised Civil Statutes.