## TEXAS GAS UTILITIES CO. et al. v. CITY OF UVALDE et al.

### No. 9667.

Court of Civil Appeals of Texas. San Antonio.

Dec. 3, 1934.

Rehearing Denied Dec. 24, 1934.

Eskridge, Groce, Rice & Easterling, and Walter Groce, all of San Antonio, for appellant.

K. K. Woodley, of Sabinal, and D. W. Suttle, of Uvalde, for appellees.

MURRAY, Justice.

This is an appeal by H. L. Mann, receiver of Texas Gas Utilities Company, from an order of the district court of Uvalde county granting a temporary injunction, in vacation, on the application of the city of Uvalde, M. B.

Walcott, and J. H. Ashby, Jr., at a hearing' had on November 12, 1934, enjoining appellant, H. L. Mann, from charging gas rates to domestic consumers in the city of Uvalde in excess of 75 cents per thousand cubic feet gross, less a 10 per cent. discount if bills were timely paid, and from making a minimum charge of more than $1 per month.

The material facts in this case are as follows:

On the 24th day of March, 1928, the city council of the city of Uvalde, a city of more than 2,000 inhabitants, passed an ordinance granting to J. G. Pundt, his successors and assigns, a franchise to construct and operate a gas distribution system in the city of Uvalde. The ordinance fixed the rates as are attempted to be enforced in the temporary injunction herein.

Pundt transferred the franchise to the Texas Gas Utilities Company, a corporation.

On the 23d day of April, 1934, H. L. Mann was appointed receiver of the Texas Gas Utilities Company by an order of the district court of the Sixty-Third judicial district, which district includes Val Verde county.

On August 29, 1934, under direction of the district court of Val Verde county, appellant, Mann, applied to the city of Uvalde for a raise in the rates to be charged for gas used in said city for domestic purposes, which application was refused by the city council of Uvalde on September 6, 1934. No appeal was taken from this action.

On September 26, 1934, appellant, as receiver, applied to the district court of Val Verde county for authority to change the rate for the use of gas in the city of Uvalde on two theories: First, that recent expenditures made it necessary to produce more revenue; and, second, that other cities were being charged a higher rate than was being charged in Uvalde, and this constituted an unjust discrimination. This requst was granted by the district court of Val Verde county, and an order entered authorizing, practically, a doubling of the gas rates in the city of Uvalde.

On October 17, 1934, the city of Uvalde, acting through its council, passed and approved an ordinance ratifying, confirming, and adopting the rate schedule for gas as contained in the original franchise.

On October 30, 1934, the city of Uvalde and other appellees herein filed their petition and secured the temporary injunction herein complained of by appellant.

The first question presented is, Did the district court of Val Verde county acquire exclusive jurisdiction by first taking cognizance of the question of the gas rates in the city of Uvalde, and thereby preclude the district court of Uvalde county from in any manner exercising jurisdiction over the same subject-matter?

[█] As a general rule, where two courts of concurrent jurisdiction have potential jurisdiction of a cause of action, the court which first takes jurisdiction takes exclusive jurisdiction, and thereby precludes the other court from exercising any jurisdiction over the cause. Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063. But, if the first court has no jurisdiction, and its orders and judgments are absolutely void and of no effect, then they may be collaterally attacked and in fact completely ignored. Maier v. Davis (Tex. Civ. App.) 72 S.W.(2d) 308; 25 Tex. Jur. par. 252, p. 685. The fact that a court has attempted to exercise jurisdiction over a matter of which it has no jurisdiction whatever would of itself not preclude another court from exercising jurisdiction. This brings us to the question as to whether or not the district court of Val Verde county had jurisdiction with reference to raising the gas rates in the city of Uvalde. We conclude that it had no such jurisdiction. In the first place, the fixing of gas rates is the exercise of a legislative power and not a judicial power. In the second place, the Legislature has delegated this power to the city council of cities having a population of more than 2,000 inhabitants, with the right of appeal to the Railroad Commission of the state, for a trial de novo, and with a limited right of resort to any district court of Travis county. Articles 1119, 6058, 6059, R. S. 1925; City of Uvalde v. Uvalde Electric & Ice Co. (Tex. Com. App.) 250 S. W. 140; Community Natural Gas Co. v. Natural Gas & Fuel Co. (Tex. Civ. App.) 34 S.W.(2d) 900; Coleman Gas & Oil Co. v. Santa Anna Gas Co. (Tex. Com. App.) 67 S.W.(2d) 241.

[█] Appellant contends that this is not a "rate" case, but a "discrimination" case, and that therefore article 6057, R. S. 1925, gives the district court of Val Verde county jurisdiction. Article 6057 expressly provides that different rates may be charged in different places, and the fact that appellant had a different rate at La Pryor or Carrizo Springs, or some other city, would not give a district court the legislative power of fixing rates for the city of Uvalde.

Thus we conclude that the order entered by the district court of Val Verde county was a nullity. The district judge of Uvalde county could disregard the facts that the district

court of Val Verde county had attempted to exercise jurisdiction with reference to gas rates in Uvalde, in determining whether or not the district court of Uvalde county had jurisdiction.

■ However, the fact that the district court of Val Verde county did not have jurisdiction does not establish the fact that the district court of Uvalde county did have jurisdiction. While no district court has original jurisdiction to fix gas rates for a city, a court may have jurisdiction to enjoin an unreasonable or other illegal rate. Simkins on Equity, p. 802; City of Los Angeles v. Los Angeles Water Co., 177 U. S. 558, 20 S. Ct. 736, 44 L. Ed. 886; Los Angeles City Water Co. v. City of Los Angeles (C. C.) 103 F. 711; Los Angeles City Water Co. v. City of Los Angeles (C. C.) 88 F. 720, 722.

· Therefore, if the district court of Uvalde county had jurisdiction of the parties and subject-matter, it had jurisdiction to issue this injunction. It is conceded that appellant resides in Val Verde county and that the Texas Gas Utilities Company had its principal office there. Under the provisions of subdivision 30 of article 1995, and articles 2311, 2312, 4643, and 4656, R. S. 1925, a suit for injunction against a receiver should be brought in, or made returnable to, the county of a receiver's residence, or in the county where the corporation, for which a receiver has been appointed, had its principal office.

Article 4643 denies the power to a district judge to issue a writ of injunction which is properly returnable to another county, except in certain cases not existing here. Uvalde Rock Asphalt Co. v. Asphalt Belt Ry. Co. (Tex. Com. App.) 262 S. W. 736; Box v. Oliver (Tex. Civ. App.) 43 S.W.(2d) 979.

The next question presented is whether this is essentially an injunction case, or a suit for specific performance of a contract wherein an injunction is incidentally requested. If this be, in fact, a suit for specific performance of a written contract performable in Uvalde county, then, and in that event, the district court of Uvalde county would have jurisdiction and venue under subdivision 5 of article 1995, R. S. 1925. Appellees have alleged a contract in writing, and, unless it appears that there is not, and could not be, such a written contract, then this cause would be ruled by the venue statutes and not by the injunction statutes. 24 Tex. Jur. par. 124, p. 170.

■ It is clear that the city of Uvalde, under the provisions of article 1119 R. S. 1925, has the legislative power to fix gas rates, and, having this power, it cannot barter it away by entering into a contract for specific rates

over a period of years, and this is true whether the contract is attempted to be made for the installment of a system or afterwards. City of Uvalde et al. v. Uvalde Electric & Ice Co. (Tex. Com. App.) 250 S. W. 140; Railroad Commission of California v. Los Angeles Ry. Corp., 280 U. S. 145, 50 S. Ct. 71, 74 L. Ed. 234; Home Tel. Co. v. Los Angeles, 211 U. S. 265, 29 S. Ct. 50, 53 L. Ed. 176; Freeport Water Co. v. Freeport, 180 U. S. 587, 21 S. Ct. 493, 45 L. Ed. 679.

■ The power to fix rates is absolutely inconsistent with the power to contract for rates, and the city of Uvalde cannot possibly enter into a valid contract for rates, but rates therein must be controlled by the city's rate-fixing power. Therefore this is not a suit for the specific performance of a contract, but essentially an injunction case, which can only be brought in Val Verde county. The district judge of Uvalde county had no authority to issue this injunction. Article 4643, R. S. 1925; Box v. Oliver (Tex. Civ. App.) 43 S.W. (2d) 979; Uvalde Rock Asphalt Co. v. Asphalt Belt Ry. Co. (Tex. Com. App.) 262 S. W. 736, reversed on rehearing and on other grounds (Tex. Com. App.) 267 S. W. 688; City of Dallas v. Armour & Co. (Tex. Civ. App.) 216 S. W. 222.

The order of the trial judge granting the injunction will be reversed and the injunction dissolved.

On Motion for Rehearing.

Appellant, H. L. Mann, receiver of Texas Gas Utilities Company, has filed a motion for a rehearing in which he contends that we were in error in holding that the district court of Val Verde county did not have power to authorize appellant to raise the gas rates in the city of Uvalde.

The basis of the contention is that the court who appoints a receiver of a gas company has jurisdiction to fix rates to be charged consumers, during the pendency of the receivership, which will produce sufficient revenues to enable such receiver to operate the company and properly preserve the property of the company.

We agree with appellant that it is entirely proper for a receiver to apply to the court that appointed him for instructions and advice. And in this case appellant, as receiver, properly applied to the district court of Val Verde county for instructions leading to the production of more revenue for the utilities company.

■ The court first took the proper action, when it authorized Mann to apply to the city

council of the city of Uvalde for authority to raise rates. However, when the city council refused to raise the rates, the receiver, if not satisfied, could only appeal to the State Railroad Commission, as provided for in article 6058, R. S. 1925. Until this legislative remedy provided for by law had been exhausted, no court of this state has any jurisdiction of the matter, and, after the legislative remedy is exhausted, article 6059 gives only the courts of Travis county jurisdiction of the matter.

In support of his contention that a court appointing a receiver has jurisdiction to fix rates to be charged by the receiver of the utility company during the pendency of the receivership, appellant cites the following cases: (1) City of Minneapolis v. Rand (C. C. A.) 285 F. 818, 821; (2) City and County of Denver v. Denver Tramway Corporation (C. C. A.) 23 F.(2d) 287; (3) Landon v. Kansas City Gas Co. (C. C. A.) 10 F.(2d) 263; (4) Scott v. Western Pacific Railway Co. (C. C. A.) 246 F. 545.

In the Minneapolis-Rand Case, the legislative remedy had been exhausted, and a resort was had to a court of competent jurisdiction to test the reasonableness of the rate so fixed by the legislative act of the city. The court said: "The making of rates to be charged consumers by public utility companies is a legislative and not a judicial function, and therefore the court had no jurisdiction to grant that relief in an independent or a dependent suit. St. L. & San Francisco Ry. Co. v. Gill, 156 U. S. 649, 663, 15 S. Ct. 484, 39 L. Ed. 567; Interstate Com. Commission v. Ry. Co., 167 U. S. 479, 499, 17 S. Ct. 896, 42 L. Ed. 243; Int. Com. Com. v. Alabama Midland Ry., 168 U. S. 144, 162, 18 S. Ct. 45, 42 L. Ed. 414; Minnesota Rate Cases, 230 U. S. 352, 433, 33 S. Ct. 729, 57 L. Ed. 1511, 48 L. R. A. (N. S.) 1151, Ann. Cas. 1916A, 18; Newton v. Consolidated Gas Co., 258 U. S. 165, 42 S. Ct. 264, 66 L. Ed. 538."

The court said in the Newton Case: "Rate making is no function of the courts and should not be attempted either directly or indirectly."

What happened in the Minneapolis-Rand Case was, the court found the legislative act fixing rates to be invalid, and therefore not binding upon the receiver, and the court advised the receiver that he should charge a certain rate until the legislative body again fixed a rate.

The Rand Case differs from the case at bar in at least three respects: (1) In that case the legislative remedy had been exhausted, here it had not. (2) There the city ordinance had been declared confiscatory and invalid; here it had not. (3) There the court did not attempt to fix rates in the true sense; here it did.

In the Denver Tramway and Landon Cases the same distinguishing features appear. The Scott Case is a tax suit, and fixing of rates is not involved in any way. It could have but little bearing on the question here presented. We believe the true rule is stated in the case of Westinghouse Electric & Mfg. Co. v. Binghamton Ry. Co. (D. C.) 255 F. 378, 382. The court said: "This court is without power in any case or under any circumstances to increase rates of fare, or direct its receiver so to do, even while in possession of and operating the road for the benefit of the public who use it. The court cannot do this, even when to run at the present established rates entails large losses to creditors and stockholders."

In this same case it is held that a court of equity has the requisite power and should authorize the receiver of a public utility company to apply to a public service commission in a proper case for an increase in rates, in order to secure the revenue essential to conserve and preserve the corporation and its property for the benefit of creditors, secured and unsecured, the general public, and the stockholders.

The rule is properly stated in Whitten-Wilcox's Valuation of Public Service Corporations, p. 30, § 24, as follows: "It has been decided repeatedly that rate making is a legislative, not a judicial function, and hence the courts will not fix rates, but merely enjoin them if they are found to be confiscatory, except that in certain cases, a court having declared a commission rate confiscatory, will fix the maximum rate that the utility may charge pending further action by the commission."

In this state all that need be done is to follow the statutes. Article 1119 gives to cities of more than 2,000 inhabitants the legislative power of fixing gas rates to be paid by consumers. Article 6058 provides for an appeal to the Railroad Commission for a trial de novo, and this is made expressly to apply to receivers of gas companies by article 6050.

When this has been done, the legislative remedy will have been exhausted and the judicial stage reached. Article 6059 limits the judicial remedy to the courts of Travis county. We consider these statutes valid, and see no reason why they should not be followed.

The district court of Val Verde county did not have jurisdiction to fix gas rates, even

though they were to govern a receiver appointed by it and only to be valid during the pendency of the receivership.

Appellant's motion for a rehearing will be in all things overruled.