SOUTHERN PRISON CO. et al. v. RENNELS et al.

No. 4808.

Court of Civil Appeals of Texas. Amarillo.

Oct. 25, 1937.

Rehearing Denied Dec. 6, 1937.

B. D. Sartin and H. L. Ratliff, both of Wichita Falls, for appellants.

M. M. Wade, of Vernon, for appellees.

JACKSON, Justice.

The record shows that the commissioners' court of Wilbarger county, at a regular session thereof, ordered notices to be published advising that the court would receive bids from contractors to improve, remodel, and rebuild the jail of said county.

Notices were duly published and, among other things, contained this clause: "Attention of bidders is directed to the provision of H. B. 54 passed by the Forty-third Legislature in its regular session requiring that not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the work is performed and not less than the general prevailing rate of per diem wages, legal holidays and overtime work shall be paid to all laborers, workmen and mechanics employed in the construction of public works."

After being advised by the court that the county was paying around 25 cents an hour for common labor, the Southern Prison Company submitted a bid in the sum of $14,500 for making such improvements. The bid was accepted and a contract to furnish the work and material entered into between the commissioners' court and the Southern Prison Company. The improvements were completed according to the plans and specifications, and all laborers were paid 30 cents per hour for their work except three, and they each received and accepted 40 cents per hour.

J. L. Rennels, one of the laborers, was directed to drive rivets in the steel part of the structure, for which he was paid and accepted 40 cents per hour, the sum the Prison Company had agreed with him to pay for his said labor. After the completion of the work, Mr. Rennels filed a claim with the commissioners' court asserting that he was entitled to the difference between the 40 cents per hour he had received and $1 per hour, which he claimed was the prevailing wage scale in that locality, but it did not act on his claim.

In order to facilitate a settlement with the court, the Prison Company sent the county judge of Wilbarger county a check for $100 with instructions to pay any laborer, out of such check, who had not been paid in full, or who the commissioners' court decided had not been paid in full. The commissioners' court declined to have anything to do with any controversy between the company and the laborers and the county judge returned the check, and final payment was made to the Prison Company for the improvements.

On May 8, 1936, J. L. Rennels filed suit in the justice court of precinct No. 1, Wilbarger county, against the Southern Prison Company and its surety, the Ætna Casualty & Surety Company, to recover the sum of $89.40, the difference in the amount which he had received and what he claimed to be the prevailing per diem wage scale in that locality. In a written petition, to which he attached a copy of the notice advertising for bidders, filed in justice court, he alleged that he was employed by the Prison Company to, and did, work in the erection of the jail for 149 hours and was paid but 40 cents per hour therefor when, in fact, the prevailing per diem wage in that locality for the type of work he had done was $1 per hour.

A trial was had in justice court on June 1, 1936, and a judgment, regular on its face, entered against the Prison Company and its surety in favor of Mr. Rennels for $89.40. An appeal was prosecuted to the county court of Wilbarger county, and again judgment, regular on its face, was rendered in favor of Mr. Rennels for said amount. It is conceded that the issue of jurisdiction was presented to both the justice and county courts.

Neither the notices advertising for bidders nor the contract entered into between the commissioners' court and the Southern Prison Company specified what the general prevailing rate of per diem wages in Wilbarger county was, and no order was ever entered on the minutes of the court by which it determined the per diem prevailing wage scale in Wilbarger county, and the court at no time attempted to determine such prevailing wage scale in connection with the contract with the Southern Prison Company for improving the jail.

On October 17, 1936, the Southern Prison Company and the Ætna Casualty & Surety Company presented their petition and application to the district court of Wilbarger county asking for a temporary restraining order enjoining J. L. Rennels, Ed Williams, the sheriff of said county, and Homer Evans, the constable of precinct No. 1, from enforcing or attempting to enforce the judgment of the county court by execution or otherwise. A temporary restraining order was granted and thereafter a hearing had on the merits, the restraining order dissolved, and the injunction denied.

Among other things, as a basis for relief, applicants alleged that the judgment obtained in justice court, and also the judgment rendered in county court against them, was void because neither of said courts had jurisdiction to determine the general prevailing rate of per diem wages in Wilbarger county, since the jurisdiction to fix such prevailing rate is by statute vested exclusively in the commissioners' court, when the contract is for public improvements for the county.

The commissioners' court has the power to determine all matters intrusted to its jurisdiction by the Constitution or delegated to it by the laws of the state. Article 2351, Revised Civil Statutes, delegates certain powers and duties for said court and directs that it shall provide and keep in repair courthouses, jails, and all necessary public buildings, and "shall have all such other powers and jurisdictions and shall perform all such other duties as are now or may hereafter be prescribed by law."

Article 5159a of Vernon's Ann. Civ.St., so far as material to a disposition of this appeal provides that:

"Sec. 1. Not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the work is performed * * * shall be paid to all laborers, workmen and mechanics employed by or on behalf * * * of any county * * * engaged in the construction of public works, exclusive of maintenance work.

"Sec. 2. The public body awarding any contract for public work on behalf of * * * any county * * * shall ascertain the general prevailing rate of per diem wages in the locality in which the work is to be performed for each craft or type of workman or mechanic needed to execute the contract, and shall specify in the call for bids for said contract, and in the contract itself, what the general prevailing rate of per diem wages in the said locality is * * *. The contractor shall forfeit as a penalty * * * to the county * * * Ten Dollars ($10.00) for each laborer, workman or mechanic employed, for each calendar day, or portion thereof, such laborer, workman or mechanic is paid less than the said stipulated rates for any work done under said contract * * * and the said public body * * * shall cause to be inserted in the contract a stipulation to this effect. It shall be the duty of such public body awarding the contract, and its agents and officers, to take cognizance of complaints of all violations of the provisions of this Act committed in the course of the execution of the contract, and, when making payments to the contractor of monies becoming due under said contract, to withhold and retain therefrom all sums and amounts which shall have been forfeited pursuant to the herein said stipulation and the terms of this Act; provided, however, that no sum shall be so withheld, retained or forfeited, except from the final payment, without a full investigation by the awarding body."

"Sec. 4. * * * The term 'locality in which the work is performed' shall be held to mean the county * * * on whose behalf the contract is awarded * * *. The term 'general prevailing rate of per diem wages' shall be the rate determined upon as such rate by the public body awarding the contract, or authorizing the work, whose decision in the matter shall be final."

The commissioners' court of Wilbarger county is the "public body" authorized by

law to contract for the repair of the jail, and is the "public body" directed by the Legislature to determine and specify the general prevailing rate of per diem wages and the "public body whose decision in the matter shall be final." The primary objects of the statute, doubtless, are to inform the bidder the wage rate to be paid his employees and especially to protect workmen, laborers, and mechanics from being required, if they accept employment, to work for less than the prevailing wages paid in the county for the same class and character of work. The statute, we think, evidences the intention of the Legislature to confer upon the commissioners' court exclusive jurisdiction to determine and specify the general and prevailing rate of per diem wages that shall be paid on public improvements for the county. This intention is, we think, emphasized by article 1581a, Vernon's Ann.Pen.Code, making it a misdemeanor for any officer, agent, or representative of the state or any political subdivision thereof to unlawfully violate or omit to comply with any of the provisions for maintaining the prevailing wage rate.

The right of Mr. Rennels to recover the difference between what he had received and what he claims to be the general prevailing rate of per diem wages is based on the provisions of article 5159a, but in order for him to avail himself of the provisions of this article in a suit in justice or county court, it was incumbent upon him to show that the general prevailing per diem rate for his work had been fixed and determined as said article provides.

We have been cited to no authority, and have found none, which directly decides the question under consideration, but since the determination and regulation of rates are not judicial, but legislative functions, and the Legislature delegated to the commissioners' court the power and imposed upon it the duty of determining and specifying the general prevailing rate of per diem wages on public works in the county and made no provision for the prosecution of an appeal from such determination, in our opinion, neither the justice nor the county court had jurisdiction to adjudicate such prevailing rate.

In Jones v. Veltmann (Tex.Civ.App.) 171 S.W. 287, 289, the court says: "It is a well-settled principle that the public powers or trusts devolved upon a council or governing body of any subdivision of a state, to be exercised by it when and in such manner as it shall deem best, cannot be delegated to others."

In Keenan v. Perry, 24 Tex. 253, Chief Justice Wheeler for the Supreme Court says: "No principle is more firmly established, than that where a special and exclusive authority, is delegated to any tribunal or officer of the government, and no mode of revising his decision, by appeal, or otherwise, is provided by law, his action is final and conclusive, of the matter submitted to his decision."

In Williams v. Castleman, 112 Tex. 193, 247 S.W. 263, 269, Chief Justice Cureton holds that: "No principle of law is better settled than that acts of discretion and findings of fact on the part of public officers to which such power is confided, including commissioners' courts, will not be reviewed on appeal."

█ Since the power and duty of determining the prevailing per diem wage rate for the work on this contract was vested in the commissioners' court, it was not authorized to ignore such power and duty at its discretion. City of Uvalde et al. v. Uvalde Electric & Ice Co. (Tex. Com.App.) 250 S.W. 140.

The commissioners' courts determine the county tax rate, within constitutional limitations, on property in their counties and an order of the said court fixing the compensation of a county treasurer on a commission basis was approved by the Supreme Court in Shaw et al. v. Smith County (Tex. Com.App.) 29 S.W.2d 1000.

█ Courts may not exercise the rate-making power or usurp the functions of a commission or public body to which such power has been delegated. Railroad Commission of Texas v. Uvalde Const. Co. et al. (Tex.Civ.App.) 49 S.W.2d 1113; Texas Gas Utilities Co. et al. v. City of Uvalde et al. (Tex.Civ.App.) 77 S.W.2d 750; 34 Tex.Jur. p. 727, par. 23.

If we are correct in concluding that neither the justice court nor the county court had original jurisdiction to determine the general prevailing rate of per diem wages for public work for the county, it follows that the judgment for $89.40 in favor of appellee was void and the district court erred in refusing applicants injunctive relief.

While the judgments were both regular on their face, the record shows affirmatively that both courts were required to

determine the wage scale, since it has not been ascertained and fixed theretofore.

In Ketelsen & Degetau v. Pratt Bros. & Seay (Tex.Civ.App.) 100 S.W. 1172, 1174, it is said: "It is not necessary that the judgment should disclose its invalidity upon its face, if this appears affirmatively from the record such a judgment is open to collateral attack." This holding is cited with approval by the Supreme Court in Cotton v. Rhea et al., 106 Tex. 220, 163 S.W. 2.

█ Since the amount in controversy in this case was below $200, granting relief to the applicants was exclusively within the jurisdiction of the district court. Bland v. City of Hearne (Tex.Civ.App.) 95 S.W. 2d 979. See, also, 24 Tex.Jur. p. 155, par. 113.

The action of the trial court dissolving the temporary restraining order and refusing the injunction is reversed, and judgment here rendered directing the district court of Wilbarger county to enter judgment perpetually enjoining J. L. Rennels, Ed Williams, Homer Evans, and their successors from enforcing or attempting to enforce the judgment obtained by Mr. Rennels in county court.