**W. J. CULLIPHER et al., Appellants,**

v.

**WEATHERBY–GODBE CONSTRUCTION COMPANY, INC., Appellee.**

**No. 8545.**

Court of Civil Appeals of Texas, Texarkana.

July 31, 1978.

Rehearing Denied Aug. 29, 1978.

David R. Richards, Clinton & Richards, Austin, Kenneth H. Molberg, Law Offices of James C. Barber, Dallas, for appellants.

Bennett W. Cervin, James C. Morriss, III, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

RAY, Justice.

This is a summary judgment case. W. J. Cullipher and other former employees of Weatherby-Godbe Construction Company, Inc., brought suit against Weatherby-Godbe Construction Company, Inc., (Company) appellee (defendant), for back wages on the basis that the Company had failed to pay the prevailing wage rate. The trial court entered a summary judgment in favor of appellee Company. Appellants have perfected their appeal and submit four points of error for our consideration.

Appellants contend that they were entitled to a "prevailing wage" as established by the Dallas Independent School District (School District) in accordance with the requirements of Article 5159a, Tex.Rev.Civ.

Stat.Ann. (1971).[1] Appellants were employed by the Company as electricians. In the course of their employment, appellants worked on certain school construction projects performed under contract between the School District and the Company. Appellants assert that they are entitled to recover the difference between the wages they received and a "prevailing wage rate." The Company contends that the School District failed to establish a prevailing wage rate and therefore under Article 5159a it was entitled to the summary judgment decreed by the trial court. The trial court determined as a matter of law that the statutory requirements of Article 5159a had not been satisfied and that absent compliance with the statute appellants had no right of recovery.

Article 5159a provides the following:

"Section 1. Not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the work is performed, and not less than the general prevailing rate of per diem wages for legal holiday and overtime work, shall be paid to all laborers, workmen and mechanics employed by or on behalf of the State of Texas, or by or on behalf of any county, city and county, city, town, district or other political subdivision of the State, engaged in the construction of public works, exclusive of maintenance work. Laborers, workmen, and mechanics employed by contractors or subcontractors in the execution of any contract or contracts for public works with the State, or any officer or public body thereof, or in the execution of any contract or contracts for public works, with any county, city and county, city, town, district or other political subdivision of this State, or any officer or public body thereof, shall be deemed to be employed upon public works.

"Sec. 2. The public body awarding any contract for public work on behalf of the State, or on behalf of any county, city and county, city, town, district or other political subdivision thereof, or otherwise undertaking any public work, shall ascertain the general prevailing rate of per diem wages in the locality in which the work is to be performed for each craft or type of workman or mechanic needed to execute the contract, and shall specify in the call for bids for said contract, and in the contract itself, what the general prevailing rate of per diem wages in the said locality is for each craft or type of workman needed to execute the contract, also the prevailing rate for legal holiday and overtime work, and it shall be mandatory upon the contractor to whom the contract is awarded, and upon any subcontractor under him, to pay not less than the said specified rates to all laborers, workmen and mechanics employed by them in the execution of the contract. . . .

.    .    .    .    .

"Sec. 4. . . . The term 'general prevailing rate of per diem wages' shall be the rate determined upon as such rate by the public body awarding the contract, or authorizing the work, whose decision in the matter shall be final. It is mandatory that the public body state such prevailing wage as a sum certain, in dollars and cents. . . ."

As can be seen, Sec. 2 requires that the contract and call for bids shall specify the prevailing wage rate for each job covered by the contract. Sec. 4 provides that the determination of the prevailing wage rate by the public body issuing the contract is final.

It is uncontradicted that the call for bids and the contracts involved in this case do not contain a schedule of prevailing wage rates. The unsigned general specifications make reference to prevailing wage rates, but such specifications are not referenced to the contract. It is necessary, therefore, to apply the contractual rules dealing with incorporation by reference in order to determine whether the prerequisite

1. All statutory references herein are to Article 5159a, Tex.Rev.Civ.Stat.Ann. (1971), and its sections.

conditions of Article 5159a, Sec. 2, have been met. The rule accepted in Texas is that in order to be construed as a part of a signed contract, the extrinsic document must either be signed or must be referred to in the signed contract. *Owen v. Hendricks,* 433 S.W.2d 164, 167 (Tex.1968). In the instant case, only the contracts were signed and they made no reference to the payment of a prevailing wage in a sum certain in dollars and cents. Reference to the wage rate schedule is made in the unsigned, unreferenced specifications so that to incorporate the wage rate schedule into the contract it would be necessary to violate the rule above stated, i. e., incorporate an unsigned, unreferenced document into the contract.

We are of the opinion that the requirements of Sec. 2 have not been met.

■ The purpose of Article 5159a is two fold: (1) To inform the bidder/contractor of the wages he must pay his employees engaged in work on public contracts, and (2) to protect the workman from working at rates below the prevailing wages in the locality. *Southern Prison Co. v. Rennels,* 110 S.W.2d 606, 609 (Tex.Civ.App. Amarillo 1937, writ dism'd). The provisions of Sec. 2 are for the benefit of the bidder/contractor. *Texas Highway Com'n v. El Paso Bldg. & Const. Tr. Coun.,* 149 Tex. 457, 234 S.W.2d 857, 861 (1950).

In *Rennels,* supra, the commissioner's court did not determine the prevailing wage rate for the county. The contractor inquired and was orally informed by the court that the county paid laborers 25 cents an hour. The contractor paid his employees 30–40 cents an hour. One worker sued alleging that the prevailing wage was $1.00 an hour. The lower court found that the prevailing wage in the county was $1.00 an hour, and the contractor appealed. The court of civil appeals held that no one but the public body issuing the contract could determine the prevailing wage rate for the locality, and, as a prerequisite to recovery under Article 5159a, the *employee* must show that a generally prevailing wage rate had been determined by the public body issuing the contract.

■ We have concluded that it was a prerequisite to recovery by the workers that they prove that a prevailing wage rate schedule had been determined by the School District and that the schedule was included in the contract and call for bids. The only evidence presented shows that the School District took no action to adopt a wage rate schedule until January 9, 1974, a time after which all the pertinent contracts had been issued. The workers are thus precluded from recovery because no prevailing wage rate schedule had been determined "in dollars and cents" by the School District prior to the call for bids and the signing of the contracts.

■ The right of workers to receive a prevailing wage rate is strictly a matter of statutory authorization. This is a matter which may need legislative attention and only that body has the authority to amend the statute which will eliminate the problem pointed out in this case.

The judgment of the trial court is affirmed.