Honorable Lloyd Criss Chairman Committee on Labor and Employment Relations Texas House of Representatives P.O. Box 2910 Austin, Texas 78769
Re: Authority of a city to establish prevailing wage rates under article 5159a, V.T.C.S.
Dear Representative Criss:
You have inquired about the propriety of the procedures being used by the city of Houston to determine the prevailing wage rates to be paid to workers engaged in the construction of public works for that city. You state that
 Obviously, the establishment of a prevailing wage rate for building construction by the city of Houston will dramatically effect the livelihood of many working people in the Harris County area.
It is my understanding that the city of Houston city council intends to adopt an alleged wage rate study recently completed by an independent contractor to the city in the very near future. The basis for the findings and conclusions of this alleged study is a weighted average rather than determining a general prevailing wage rate.
My concern relates to the methods used by the city's agent to establish such a prevailing wage rate when tested by the unambiguous proscriptions and statutory directives of article 5159a, V.T.C.S.
The pertinent parts of article 5159a read as follows:
 Section 1. Not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the work is performed . . . shall be paid to all laborers, workmen and mechanics employed by or on behalf of the State of Texas, or by or on behalf of any county, city and county, city, town, district or other political subdivision of the State, engaged in the construction of public works. . . .
 Sec. 2. The public body awarding any contract for public work . . . or otherwise undertaking any public work, shall ascertain the general prevailing rate of per diem wages in the locality in which the work is to be performed for each craft or type of workman or mechanic needed to execute the contract. . . .
. . . .
 Sec. 4. . . . . The term `general prevailing rate of per diem wages' shall be the rate determined upon as such rate by the public body awarding the contract, or authorizing the work, whose decision in the matter shall be final. It is mandatory that the public body state such prevailing wage as a sum certain, in dollars and cents. Nothing in this Act, however, shall be construed to prohibit the payment to any laborer, workman or mechanic employed on any public work as aforesaid of more than the said general prevailing rate of wages.
One of the primary purposes of the statute is to
 protect workmen, laborers, and mechanics from being required, if they accept employment, to work for less than the prevailing wages paid . . . for the same class and character of work.
Southern Prison Co. v. Rennels, 110 S.W.2d 606, 609
(Tex.Civ.App.-Amarillo 1937, writ dism'd). This conclusion was quoted as authoritative by the Texas Supreme Court in Texas Highway Commission v. El Paso Building and Construction Co.,234 S.W.2d 857 (1941), and has been recently reaffirmed in a case which reiterated that a primary objective of the statute was "to protect the workman from working at rates below the prevailing wages in the locality." Cullipher v. Weatherby-Godbe Construction Company Inc., 570 S.W.2d 161, 164 (Tex.Civ.App.-Texarkana 1978, writ dism'd).
The genesis of the Texas Prevailing Wage Statute, like that of the federal Davis-Bacon Act, 46 Stat. 1494 (codified as amended at 40 U.S.C. § 276a to 276a-5 (1982)), upon which it was modeled, is clearly stated in the act's "emergency clause" as follows:
 Sec. 7. The fact that there is no adequate law protecting laborers, workmen and mechanics engaged in doing and performing work on public works in Texas and its political subdivisions, and the further fact that many contractors are taking advantage of the present industrial and economic condition to beat down wages to a level far below that required to maintain a laborer, workman or mechanic in reasonable circumstances, and the further fact that this condition has created a social problem demanding the immediate attention of the legislative department of our State, create an emergency and an imperative public necessity. . . .
Acts 1933, 43rd Leg., ch. 45, § 7, at 93. While the Texas law did not set out a methodology for the determination of the prevailing wage rates for the respective trades, this office very early held that it was the duty of the appropriate governing body "to ascertain the general prevailing wage rates" for the respective trades in the locality in question. Attorney General Opinion O-2059 (1944). This opinion simply restated the straightforward statutory directive to establish what is "the general prevailing rate" of pay for each particular craft and trade. The essence of this statutory mandate is simply that the governmental entity determine for its locality what actual wage rate is predominant for each craft.
Article 5159a requires a governmental body to pay "the general prevailing rate of per diem wages," but it does not define the term. Although section 4 delegates that determination to "the public body awarding the contract," the statute clearly requires that, in making the determination, a methodology be adopted which demonstrates compliance with the "prevailing wage" standard. Your question implies that "prevailing wage" and "weighted average" constitute different standards. Assuming this is correct, if a city adopts a "weighted average" standard, in contrast to a "prevailing wage" standard, it has, in our view, failed to comply with the statute.
 SUMMARY
A city is required by article 5159a, V.T.C.S., to pay "the general prevailing rate of per diem wages" in awarding a contract for public works construction.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Colin J. Carl Rick Gilpin