

# The Attorney General of Texas

July 1, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Lloyd Criss
Chairman
Committee on Labor and Employment
   Relations
Texas House of Representatives
P. O. Box 2910
Austin, Texas   78769

Opinion No.   JM-329

Re:  Authority of a city to
establish prevailing wage
rates under article 5159a,
V.T.C.S.

Dear Representative Criss:

You have inquired about the propriety of the procedures being used by the city of Houston to determine the prevailing wage rates to be paid to workers engaged in the construction of public works for that city. You state that

> Obviously, the establishment of a prevailing wage rate for building construction by the city of Houston will dramatically effect the livelihood of many working people in the Harris County area.
>
> It is my understanding that the city of Houston city council intends to adopt an alleged wage rate study recently completed by an independent contractor to the city in the very near future. The basis for the findings and conclusions of this alleged study is a weighted average rather than determining a general prevailing wage rate.
>
> My concern relates to the methods used by the city's agent to establish such a prevailing wage rate when tested by the unambiguous proscriptions and statutory directives of article 5159a, V.T.C.S.

The pertinent parts of article 5159a read as follows:

> Section 1.  Not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the work is performed . . . shall be paid to all laborers, workmen and mechanics employed by or on behalf of the State of Texas, or by or on behalf of any county, city and county, city, town,

> district or other political subdivision of the
> State, engaged in the construction of public
> works . . . .
>
> Sec. 2.   The public body awarding any contract
> for public work . . . or otherwise undertaking any
> public work, shall ascertain the general pre-
> vailing rate of per diem wages in the locality in
> which the work is to be performed for each craft
> or type of workman or mechanic needed to execute
> the contract. . . .
>
> . . . .
>
> Sec. 4.  . . . .  The term 'general prevailing
> rate of per diem wages' shall be the rate deter-
> mined upon as such rate by the public body
> awarding the contract, or authorizing the work,
> whose decision in the matter shall be final.  It
> is mandatory that the public body state such
> prevailing wage as a sum certain, in dollars and
> cents.  Nothing in this Act, however, shall be
> construed to prohibit the payment to any laborer,
> workman or mechanic employed on any public work as
> aforesaid of more than the said general prevailing
> rate of wages.

One of the primary purposes of the statute is to

> protect workmen, laborers, and mechanics from
> being required, if they accept employment, to work
> for less than the prevailing wages paid . . . for
> the same class and character of work.

Southern Prison Co. v. Rennels, 110 S.W.2d 606, 609 (Tex. Civ. App. -
Amarillo 1937, writ dism'd).  This conclusion was quoted as authori-
tative by the Texas Supreme Court in Texas Highway Commission v. El
Paso Building and Construction Co., 234 S.W.2d 857 (1941), and has
been recently reaffirmed in a case which reiterated that a primary
objective of the statute was "to protect the workman from working at
rates below the prevailing wages in the locality."  Cullipher v.
Weatherby-Godbe Construction Company Inc., 570 S.W.2d 161, 164 (Tex.
Civ. App. - Texarkana 1978, writ dism'd).

The genesis of the Texas Prevailing Wage Statute, like that of
the federal Davis-Bacon Act, 46 Stat. 1494 (codified as amended at 40
U.S.C. §§276a to 276a-5 (1982)), upon which it was modeled, is clearly
stated in the act's "emergency clause" as follows:

> Sec. 7.   The fact that there is no adequate law
> protecting laborers, workmen and mechanics engaged

> in doing and performing work on public works in Texas and its political subdivisions, and the further fact that many contractors are taking advantage of the present industrial and economic condition to beat down wages to a level far below that required to maintain a laborer, workman or mechanic in reasonable circumstances, and the further fact that this condition has created a social problem demanding the immediate attention of the legislative department of our State, create an emergency and an imperative public necessity. . . .

Acts 1933, 43rd Leg., ch. 45, §7, at 93. While the Texas law did not set out a methodology for the determination of the prevailing wage rates for the respective trades, this office very early held that it was the duty of the appropriate governing body "to ascertain the general prevailing wage rates" for the respective trades in the locality in question. Attorney General Opinion O-2059 (1944). This opinion simply restated the straightforward statutory directive to establish what is "the general prevailing rate" of pay for each particular craft and trade. The essence of this statutory mandate is simply that the governmental entity determine for its locality what actual wage rate is predominant for each craft.

Article 5159a requires a governmental body to pay "the general prevailing rate of per diem wages," but it does not define the term. Although section 4 delegates that determination to "the public body awarding the contract," the statute clearly requires that, in making the determination, a methodology be adopted which demonstrates compliance with the "prevailing wage" standard. Your question implies that "prevailing wage" and "weighted average" constitute different standards. Assuming this is correct, if a city adopts a "weighted average" standard, in contrast to a "prevailing wage" standard, it has, in our view, failed to comply with the statute.

### S U M M A R Y

A city is required by article 5159a, V.T.C.S., to pay "the general prevailing rate of per diem wages" in awarding a contract for public works construction.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Colin J. Carl &
Rick Gilpin
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Robert Gray
Jim Moellinger
Jennifer Riggs
Sarah Woelk