Office of the Attorney General · State of Texas



April 20, 2000

The Honorable Michael P. Fleming
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002-1700

Opinion No. JC-0210

Re: Whether a member of the board of managers of a hospital district must abstain in matters involving prevailing wage disputes under chapter 2258 of the Government Code   (RQ-0148-JC)

Dear Mr. Fleming:

You ask whether a member of the Harris County Hospital District's Board of Managers (the "Board") who is President of the Harris County AFL-CIO Council (the "Council") should abstain from voting on alleged violations of the prevailing wage law, TEX. GOV'T CODE ANN. ch. 2258 (Vernon 2000). Chapter 171 of the Local Government Code does not apply to the Board member's participation in these matters and therefore does not require him to abstain from voting on alleged violations of the prevailing wage law.

The Harris County Hospital District (the "District"), a countywide hospital district established pursuant to chapter 281 of the Health and Safety Code, is a political subdivision. *See* TEX. HEALTH & SAFETY CODE ANN. § 281.021(c) (Vernon 1992); Tex. Att'y Gen. Op. No. JM-1006 (1989) at 6. Your question relates to complaints to the Board about violations of the prevailing wage act, TEX. GOV'T CODE ANN. ch. 2258 (Vernon 2000), which entitles workers employed on a public work by or on behalf of the state or a political subdivision to receive "not less that the general prevailing wage rate of per diem wages for work of a similar character in the locality in which the work is performed." *Id.* § 2258.021(a). The purpose of this statute is (1) to inform the bidder/contractor of the wages he must pay his employees engaged in work on public contracts, and (2) to protect the workman from working at rates below the prevailing wages in the locality. *Cullipher v. Weatherby-Godbe Constr. Co., Inc.*, 570 S.W.2d 161, 164 (Tex. Civ. App.–Texarkana 1978, writ ref'd n.r.e.). The public body awarding the contract for a public work determines the general prevailing wage rate to be paid by the contractor and subcontractors and includes the wage rates in the call for bids and the contract itself. TEX. GOV'T CODE ANN. §§ 2258.022; .023 (Vernon 2000). The contractor who is awarded the contract and its subcontractors must pay not less than the prevailing wage determined by the public body to the workers it employs in executing the contract. Contractors and subcontractors must keep records of wages paid each employee, and these are open for inspection by officers and agents of the public body. *Id.* § 2258.024.

A contractor or subcontractor that violates the prevailing wage requirement must pay the public body a monetary penalty of $60 for each worker employed for each calendar day or part of a calendar day, and the money collected for this purpose is used to pay the costs of administering the law. *Id.* § 2258.023. The public body shall "take cognizance" of claims that the contract has been violated. *Id.* § 2258.051. On receiving information, including a complaint by a worker, about an alleged violation of the prevailing wage law, the public body "shall make an initial determination as to whether good cause exists to believe that the violation occurred," and shall give written notification to the contractor or subcontractor and any affected worker of its initial determination. *Id.* § 2258.052. The public body must retain any amount due under the contract pending a final determination of the violation and shall use these amounts to pay the worker the difference between the amount the worker received in wages and the amount he should have received at the prevailing wage rate. *Id.* §§ 2258.052, .056.

The contractor or subcontractor and an affected employee have until the 15th day after the public body makes its initial "good cause" determination to resolve any issues relating to the alleged violation of the prevailing wage law. *Id.* § 2258.053. If they are unable to resolve an issue by agreement, including a penalty owed to a public body or an affected worker, the issue "shall be submitted to binding arbitration." *Id.* The public body is not a party to the arbitration. *Id.* The arbitrator's decision and award is final and binding and may be enforced in any court of competent jurisdiction. *Id.* § 2258.055.

You state that allegations have been made that the prevailing wage law has been violated at some District construction sites, and attorneys for some of the contractors have asserted that the Board member who is president of the Council has a potential conflict of interest with respect to addressing these complaints. Letter from Honorable Michael P. Fleming, Harris County Attorney, to Honorable John Cornyn, Attorney General of Texas (Nov. 15, 1999) (on file with Opinion Committee) [hereinafter "Fleming Letter"]. You ask whether the Board member has a conflict of interest under chapter 171 of the Local Government Code so that he must abstain from voting on matters involving prevailing wage complaints under chapter 2258 of the Government Code in the following cases:

1.    The local labor union is affiliated with the Harris County AFL-CIO Council and has filed a complaint on behalf of an affected worker and is pursuing the complaint on the worker's behalf[.]

2.    The local labor union has filed a complaint on behalf of an affected worker and is pursuing the complaint on the worker's behalf, but the union is not affiliated with the Harris County AFL-CIO Council[.]

*Id.* at 2.

Chapter 171 of the Local Government Code regulates the manner in which local government officials may transact business with the public agencies they serve. *Dallas County Flood Control Dist. No. 1 v. Cross*, 815 S.W.2d 271, 277 (Tex. App.–Dallas 1991, writ denied). Members of the Hospital District Board are "local public officials" within this statute. TEX. LOC. GOV'T CODE ANN. § 171.001(1) (Vernon 1999) ("local public official" includes a member of the governing body of any district). Under this law, a local public official with a substantial interest in a business entity is prohibited from participating in a vote or decision affecting the business entity if it is reasonably foreseeable that the action would economically benefit the business entity. *Id.* § 171.004. A "business entity" "means a sole proprietorship, partnership, firm, corporation, holding company, joint-stock company, receivership, trust, or any other entity recognized by law." *Id.* § 171.001(2).

Our threshold question is whether the Board member who is president of the Council has a "substantial interest" in a business entity affected by decisions of the Board. The Council is "the umbrella organization for unions in the Harris County area." Brief from Richard Levy, Deats & Levy, P.C., to Honorable John Cornyn, Attorney General of Texas, at 1 (Jan. 19, 2000) (on file with Opinion Committee) [hereinafter "Levy Brief"]. It is composed of delegates from local unions affiliated with the AFL-CIO or with certain other AFL-CIO-affiliated entities noted in its constitution. *See* Fleming Letter, Exhibit A, Harris County AFL-CIO Council Constitution, Art. II [hereinafter "Council Constitution"]. An executive board, a president, and other officers are elected from among the delegates. *Id.* It is supported by a per capita tax assessed against the member unions. Levy Brief, *supra*, at 2. You state that his union receives membership fees from some of the affiliated local unions involved in the prevailing wage dispute. Fleming Letter, *supra*, at 2.

We will assume for purposes of this opinion that the Council is a "business entity" within chapter 171 of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 171.001(2) (Vernon 1999) ("business entity" includes "any other entity recognized by law"). The Board member will have a substantial interest in the Council if he has an ownership interest that exceeds the percentage of stock or the dollar amount stated in the statute or if "funds received by the person from the business entity exceed 10 percent of the person's gross income for the previous year." *Id.* § 171.002(a). *See also id.* § 171.002(c) ("substantial interest" of relative within the first degree of consanguinity or affinity is attributed to the local officer). The Council is not subject to ownership interests within section 171.002(a) of the Local Government Code, and the Board member does not receive any compensation for serving as president of the Council. *See* Fleming Letter, *supra*, at 2; Levy Brief, *supra*, at 2; Council Constitution, Art. XI (sets salary of Secretary Treasurer and provides that delegates representing the Council will be paid for lost time and receive per diem at a rate of $25 when out of town and $35 when out of state). Based on the information you have provided, we conclude that the Board member in question does not have a "substantial interest" in the Council for purposes of chapter 171 of the Local Government Code.

You note, however, that a public officer may indirectly receive compensation from a business entity, citing *Cross*, 815 S.W.2d 271, and inquire "whether it may still appear that the Board Member is indirectly receiving financial benefits from voting on prevailing wage disputes." Fleming

Letter, *supra*, at 3. You state that the Board member in question has been actively monitoring District construction sites to ensure compliance with the Prevailing Wage Act. *Id.*

*Cross* addressed a conflict of interest under chapter 171 that arose when the Dallas County Flood Control Dist. No. 1 bought an easement in land from the district's president. The president recused himself as required by chapter 171 of the Local Government Code, but two members of the district board who voted for the purchase had indirectly received large cash payments from the president. *Cross*, 815 S.W.2d at 280-82. Although the president did not make these payments directly to the other two officers, the evidence showed that he had "funneled" the money through third parties to the other officers. *Id.* The court determined that the local public officers had a substantial interest in the business entity because the evidence showed that the requisite amount of funds moved from the entity to the officers. *See Cross v. Dallas County Flood Control Dist. No. 1*, 773 S.W.2d 49, 55 (Tex. App.–Dallas 1989), *appeal after remand, Dallas County Flood Control Dist. No. 1 v. Cross*, 815 S.W.2d 271 (Tex. App.–Dallas 1991, writ denied) (considering summary judgment evidence). Your request letter does not allege that the Council has transferred, directly or indirectly, any money to the Board member in question. Based on the information you have provided us, the Board member has no financial interest in the Council and chapter 171 of the Local Government Code does not prevent him from participating in "good cause" determinations of prevailing wage complaints under chapter 2258 of the Government Code. Chapter 171 does not prevent the Board member from participating in and voting on a "good cause" determination, regardless of whether the complaining labor union is affiliated with the Council.

## S U M M A R Y

A member of the Harris County Hospital District Board of Managers who is the unpaid President of the Harris County AFL-CIO Council does not have a "substantial interest" in the Council for purposes of chapter 171 of the Local Government Code. Chapter 171 therefore does not bar him from participating in the Board's "good cause" determinations of complaints under the Prevailing Wage Act, TEX. GOV'T CODE ANN., ch. 2258 (Vernon 2000), regardless of whether the complaining labor union is affiliated with the Harris County AFL-CIO Council.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee