In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00040-CV
______________________________


BAY FINANCIAL SAVINGS BANK, FSB, Appellant
Â 
V.
Â 
MARY ELLEN BROWN, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 71867


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

Â Â Â Â Â Â Â Â Â Â This is an accelerated appeal from a temporary injunction obtained by the plaintiff
below, Mary Ellen Brown, enjoining Bay Financial Savings Bank, FSB, from taking any
action to remove her from her residence based on facts litigated in a prior forcible entry
and detainer action. The sole issue for this Court is the propriety of that injunction.


 
Â Â Â Â Â Â Â Â Â Â This injunction arose out of Brown's suit against Bay Financial in the 6th Judicial
District Court of Lamar County for wrongful foreclosure. Brown fell behind in her mortgage
payments and alleged Bay Financial had misrepresented that it would not foreclose on her
property until a later date. Brown allegedly relied on that promise and cancelled a pending
sale of the property. Brown requested that the foreclosure of her house be set aside, or
in the alternative, damages. She also requested a temporary restraining order, a
temporary injunction, and a permanent injunction to prevent the prosecution of forcible
entry and detainer actions to remove her from the residence. Brown contended Bay
Financial should be so enjoined based on res judicata. She contended Bay Financial had
already fully and fairly litigated the issue of possession in a prior forcible entry and detainer
action and lost in both the justice court and on appeal to the county court at law. She
asserted that the first forcible entry and detainer action was res judicata and barred
relitigation on the right to possession of the house under those same facts. The trial court
granted a temporary restraining order enjoining Bay Financial from "pursuing any further
forcible entry and detainer actions or any further action to remove Brown from her
premises" until a hearing could be held on the temporary injunction. The temporary
restraining order, however, expired by operation of law, and Bay Financial proceeded with
a forcible entry and detainer suit and prevailed in the justice court. Brown appealed that
judgment to the county court at law. Before the appeal could be heard, Brown moved the
6th Judicial District Court to issue a temporary injunction to prevent the prosecution of
forcible entry and detainer actions that sought to relitigate issues resolved in the first
forcible entry and detainer action. The 6th Judicial District Court granted the temporary
injunction, making, in part, the following findings of fact and conclusions of law:
Â Â Â Â Â Â Â Â Â Â 2.Â Â Â Â Â Â Â On April 8, 2003, Bay Financial Served a Forcible Entry and
Detainer Action against Mary Ellen Brown relating to the property at RouteÂ 6,
Box 2900, FM Road 195, Paris, Texas 75462, that FED Action was set to be
heard on April 17, 2003 at 10:00 a.m.
Â 
Â Â Â Â Â Â Â Â Â Â 3.Â Â Â Â Â Â Â On April 29, 2003, Bay Financial Savings Bank vs. Mary Ellen
Brown, the Forcible Entry and Detainer Action listed above, was heard
before Judge Ernie Sparks and the relief requested by Bay Financial Savings
Bank was denied.
Â Â Â Â Â Â Â Â Â Â Bay Financial Savings Bank appealed it's [sic] denial of a right to
possession of the property at issue to the County Court in Lamar County.
Â Â Â Â Â Â Â Â Â Â On July 25, 2003, the Forcible Entry and Detainer Action was retried,
de novo, in the County Court of Lamar County, Texas before the Honorable
Judge Deane Loughmiller.
Â Â Â Â Â Â Â Â Â Â Plaintiff appeared through counsel. Defendant Mary Ellen Brown
appeared in person and through her attorney and they announced ready for
trial. At the close of the Plaintiff's evidence, the Defendant made a motion
for directed verdict, which was granted, and the trial court ordered, adjudged,
and decreed that Bay Financial take nothing by its FED Action and the
Plaintiff was not entitled to an order granting the possession of the premises. 
Â Â Â Â Â Â Â Â Â Â Bay Financial did not appeal that judgment.
Â Â Â Â Â Â Â Â Â Â On July 28, 2003, Bay Financial Savings Bank filed a second Forcible
Entry and Detainer Action in the Justice Courts of Lamar County, Texas. 
That FED Action was denied based on res judicata. On August 28, 2003,
Bay Financial Savings Bank gave yet another notice to Mary Ellen Brown to
vacate the premises based on the exact same facts that were litigated and
decided against it in the prior Forcible Entry and Detainer Action which was
tried on July 25, 2003. 
Â Â Â Â Â Â Â Â Â Â The judgment entered on August 1, 2003, based on the July 25, 2003,
trial is a final judgment after a full trial on the merits where Bay Financial
Savings Bank had, on the record, a full and fair opportunity to litigate the
issues in the Forcible Entry and Detainer aciton [sic]. 
Â 
CONCLUSIONS OF LAW
Â 
Â Â Â Â Â Â Â Â Â Â 1.Â Â Â Â Â Â Â All issues that where [sic] litigated or could have been litigated
in the trial in the County Court at Law on July 25, 2003, are precluded from
being relitigated in any further Forcible Entry and Detainer Action.
Â 
Â Â Â Â Â Â Â Â Â Â 2.Â Â Â Â Â Â Â Plaintiff, Mary Ellen Brown is entitled to a temporary injunction
enjoining Bay Financial Savings Bank from bring [sic] any further Forcible
Entry and Detainer Action that attempts to relitigate the same issues that
were decided, or that could have been decided, during the trial on July 25,
2003. 
Â Â Â Â Â Â Â Â Â Â NOW THEREFORE, IT IS THE ORDER OF THIS COURT, that during
the pendency of this litigation, Bay Financial Savings Bank, any of it's [sic]
agents or representatives or anybody acting on it's [sic] behalf, is hereby
enjoined and restrained from taking any action to remove Mary Ellen Brown
from the premises at issue in this litigation based on the facts that where [sic]
litigated or could have been litigated during the trial of cause no. 10250 in the
County Court at Law of Lamar County, Texas on July 25, 2003.
Â 
Â Â Â Â Â Â Â Â Â Â Bay Financial appeals the granting of this temporary injunction. See Tex. Civ. Prac.
& Rem. Code Ann. Â§ 51.014(4) (Vernon Supp. 2004) (allowing appeal of interlocutory order
that grants or denies temporary injunction). 
Â Â Â Â Â Â Â Â Â Â Our review of the trial court's action in granting a temporary injunction is limited to
determining whether the action constituted a clear abuse of discretion. Gannon v. Payne,
706 S.W.2d 304, 305 (Tex. 1986). A trial court abuses its discretion by acting arbitrarily
and unreasonably, without reference to guiding rules or principles, or misapplying the law
to the established facts of the case. See Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241â42 (Tex. 1985). The trial court does not abuse its discretion when it
bases its decision on conflicting evidence. McNeilus Cos. v. Sams, 971 S.W.2d 507, 510
(Tex. App.âDallas 1997, no pet.). 
Â Â Â Â Â Â Â Â Â Â The first issue which must be decided is whether there is evidence in the record
supporting the trial court's judgment issuing the temporary injunction against Bay Financial. 
A review of the record of the temporary injunction hearing reveals that Brown offered no
evidence to the trial court, called no witnesses, and offered no agreement between the
parties allowing the injunction to be based on pleadings or affidavits. So far as we are able
to discern, the trial court based its findings of fact and conclusions of law on documents
in the clerk's record that were attached to Brown's verified motion for a temporary
restraining order. These documents, however, were not introduced as evidence at the
hearing. Counsel for Brown represented to this Court at oral argument that the trial court
took judicial notice of these documents, but he did not direct us toâand we have been
unable to findâanywhere in the record where the trial court took such notice.
Â Â Â Â Â Â Â Â Â Â No temporary injunction may issue unless the applicant offers competent evidence
in support of his or her application to the trial court at the hearing on the temporary
injunction, according to the standard Rules of Evidence. Millwrights Local Union No. 2484
v. Rust Eng'g Co., 433 S.W.2d 683, 686â87 (Tex. 1968) (citing Tex. R. Civ. P. 680). In
Millrights, no evidence was offered at the temporary injunction hearing in support of the
applicant's right to a temporary injunction. The Texas Supreme Court was called on to
decide whether the applicant's sworn petition could be treated as an affidavit, and whether
the required proof could be made by affidavit. Id. at 686. The court held that, in the
absence of an agreement by the parties, the proof required to support a judgment issuing
a writ of temporary injunction may not be made by affidavit, and thus a sworn petition does
not constitute evidence supporting the trial court's judgment in issuing a temporary
injunction. Id. The court analyzed Rule 680 of the Rules of Civil Procedure and found the
conduct of a "hearing" required by the rule implies that evidence is required to be offered. 
Id. at 687. The court found no basis in the language of Rule 680, or elsewhere, for holding
that the "application" for a temporary injunction constitutes evidence at the hearing, or that
proof may be made in any manner other than according to standard Rules of Evidence. 
Id. Since no evidence was adduced at the hearing on irreparable injury, probable recovery,
or even evidence of the contracts from which the applicant predicated its suit, the court
held that the temporary injunction could not stand. Id.; see also In re Tex. Natural Res.
Conservation Comm'n, 85 S.W.3d 201 (Tex. 2002) (noting temporary injunctions require
more stringent proof requirements than temporary restraining orders that can issue on
sworn pleadings); Rogers v. Howell, 592 S.W.2d 402, 403 (Tex. Civ. App.âDallas 1979,
writ ref'd n.r.e.) (finding sworn pleadings alone insufficient evidence to support issuance
of temporary injunction). 
Â Â Â Â Â Â Â Â Â Â Likewise, remarks of counsel during the course of a hearing are not competent
evidence unless the attorney is actually testifying. Collier Servs. Corp. v. Salinas, 812
S.W.2d 372, 377 (Tex. App.âCorpus Christi 1991, orig. proceeding).
Â Â Â Â Â Â Â Â Â Â Because no evidence was offered to the trial court in support of the temporary
injunction, we cannot say the trial court's ruling is supported by evidence. See Millwrights
Local Union No. 2484, 433 S.W.3d at 687. The court did make findings of fact, which are
not challenged by Bay Financial on appeal. Unchallenged findings of fact are binding on
the court of appeals "unless the contrary is established as a matter of law, or if there is no
evidence to support the finding." McGalliard v. Kuhlmann, 722 S.W.2d 694, 696 (Tex.
1986); Reliance Ins. Co. v. Denton Cent. Appraisal Dist., 999 S.W.2d 626, 629 (Tex.
App.âFort Worth 1999, no pet.). In this case, there was no evidence offered on any of the
prior forcible entry and detainer actions at the temporary injunction hearing to support the
trial court's findings of fact. Those findings, therefore, are not binding on this Court.
Â Â Â Â Â Â Â Â Â Â Accordingly, in the absence of any probative evidence in support of the application,
we find the trial court abused its discretion in issuing the temporary injunction.
Â Â Â Â Â Â Â Â Â Â In addition, the temporary injunction failed to comply with the Rules of Civil
Procedure. Those rules require that an order granting a temporary injunction set the cause
for trial on the merits and fix the amount of security to be given by the applicant. See Tex.
R. Civ. P. 683, 684. These procedural requirements are mandatory, and an order granting
a temporary injunction that does not meet them is subject to being declared void and
dissolved. See Interfirst Bank San Felipe, N.A. v. Paz Constr. Co., 715 S.W.2d 640, 641
(Tex. 1986) (finding temporary injunction void for not setting cause for trial on merits); see
also Lancaster v. Lancaster, 155 Tex. 528, 291 S.W.2d 303, 308 (1956) (holding bond
provisions of Rule 684 mandatory). 
Â Â Â Â Â Â Â Â Â Â In this case, the order granting the temporary injunction did not set the cause for trial
on the merits as required by Tex. R. Civ. P. 683. Also, the court did not fix the amount of
security to be given. There is in the record a "temporary injunction" bond in the amount of
$5,000.00. It is file-marked September 18, 2003, well before the February 19, 2004,
hearing on the motion for the temporary injunction and the March 17, 2004, temporary
injunction order. It appears that bond was filed for the temporary restraining order,
because that order required security in that amount, and because the order and the bond
were signed and filed on the same date. A bond for a temporary restraining order does not
continue on and act as security for a temporary injunction unless expressly authorized by
the trial court. See Ex parte Coffee, 160 Tex. 224, 328 S.W.2d 283, 285, 291â92 (1959)
(finding bond filed for temporary restraining order continued in full force and effect as bond
for temporary injunction where order granting temporary injunction provided that "the bond
heretofore filed with the Clerk upon issuance of the restraining order herein be, and is
hereby continued in full force and effect as a temporary injunction bond"). 
Â Â Â Â Â Â Â Â Â Â The order for the temporary injunction in this case did not state that the bond
previously filed for the temporary restraining order continued as the bond for the temporary
injunction. While Bay Financial moved to set bond after the February 19, 2004, temporary
injunction hearing, the record does not show that the court ever set any additional bond
amount or that Brown ever filed any such additional bond. 
Â Â Â Â Â Â Â Â Â Â Brown does not address the mandatory requirements of the Rules of Civil Procedure
in her brief, except to generally state that the basic requirements for temporary injunctions
do not apply to this "anti-suit injunction." Anti-suit injunctions, however, must also comply
with the requirements provided in the Rules of Civil Procedure. This follows from the
language of Rule 683, providing that "[e]very order granting a temporary injunction shall
include an order setting the cause for trial on the merits . . . ." Tex. R. Civ. P. 683
(emphasis added). Likewise, Rule 684 provides that "[i]n the order granting any .Â .Â .
temporary injunction, the court shall fix the amount of security to be given by the applicant." 
Tex. R. Civ. P. 684 (emphasis added). 
Â Â Â Â Â Â Â Â Â Â In Monsanto Co. v. Davis, 25 S.W.3d 773, 789 (Tex. App.âWaco 2000, pet.
dism'd), the court held that an anti-suit injunction was void and set it aside for failing to
comply with the mandatory requirements of Rule 683. Specifically, the court found that a
detailed explanation for the reason for the injunction's issuance was not made. Id.; see
also Atkinson v. Arnold, 893 S.W.2d 294, 297 (Tex. App.âTexarkana 1995, no writ)
(finding trial court erred in granting anti-suit injunction because verified affidavit containing
plain and intelligible grounds for relief or other sworn testimony was not presented as
required by Rule 682). 
Â Â Â Â Â Â Â Â Â Â Accordingly, we also hold the temporary injunction in this case is void for failing to
comply with Tex. R. Civ. P. 683 and 684.
Â Â Â Â Â Â Â Â Â Â Having concluded that the temporary injunction of the trial court is not supported by
evidence and did not comply with the Rules of Civil Procedure, we do not reach the other
contentions discussed in the parties' briefs. 
Â Â Â Â Â Â Â Â Â Â We reverse the trial court's order for a temporary injunction, and such injunction is 

hereby dissolved. The case is remanded to the trial court for further proceedings.



Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â July 28, 2004
Date Decided:Â Â Â Â Â Â Â Â Â August 10, 2004



8.7pt;mso-element-frame-height:
106.55pt;mso-element-frame-hspace:12.0pt;mso-element-frame-vspace:12.0pt;
mso-element-wrap:auto;mso-element-anchor-vertical:paragraph;mso-element-anchor-horizontal:
page;mso-element-left:246.05pt;mso-element-top:-1.45pt'>


 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00005-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  JAMES STACY SINGLETON,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 71st Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Harrison County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. 09-0307X

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  James Stacy
Singleton appeals from his jury conviction of burglary of a habitation.Â  Tex.
Penal Code Ann. Â§ 30.02 (Vernon 2003).Â 
Singleton pled ÂtrueÂ to the enhancement allegation and was sentenced to
thirty yearsÂ imprisonment.Â  Singleton
was represented by appointed counsel at trial and on appeal.Â  SingletonÂs attorney has filed a brief in
which he concludes that the appeal is frivolous and without merit, after a
review of the record and the related law.

Â Â Â Â Â Â Â Â Â Â Â  Counsel
states that he has studied the record and finds no error preserved for appeal
that could be successfully argued.Â  The
brief contains a professional evaluation of the record and advances two
arguable grounds for review.Â  This meets
the requirements of Anders v. California,
386 U.S. 738 (1967); Stafford v. State,
813 S.W.2d 503 (Tex. Crim. App. 1991); and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Â Â Â Â Â Â Â Â Â Â Â  Counsel
mailed a copy of the brief to Singleton March 12, 2010, informing Singleton of
his right to examine the entire appellate record and to file a pro se
response.Â  Counsel simultaneously filed a
motion with this Court seeking to withdraw as counsel in this appeal.Â  Singleton has neither filed a proÂ se
response, nor has he requested an extension of time in which to file such
response.

Â Â Â Â Â Â Â Â Â Â Â  We
have determined that this appeal is wholly frivolous.Â  We have independently reviewed the clerkÂs
record and the reporterÂs record, and we agree that no arguable issues support
an appeal.Â  See Bledsoe v. State, 178 S.W.3d 824, 826Â27 (Tex. Crim. App.
2005).Â  In a frivolous appeal situation,
we are to determine whether the appeal is without merit and is frivolous, and
if so, the appeal must be dismissed or affirmed.Â  See
Anders, 386 U.S. 738.Â Â  

Â Â Â Â Â Â Â Â Â Â Â  We
affirm the judgment of the trial court.[1]

Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  May
17, 2010

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  May
18, 2010

Â 

Do Not PublishÂ Â Â Â Â Â Â Â Â Â  

Â 

Â 

Â 

Â 











[1]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counselÂs request to
withdraw from further representation of Singleton in this case.Â  No substitute counsel will be appointed.Â  Should Singleton wish to seek further review
of this case by the Texas Court of Criminal Appeals, Singleton must either
retain an attorney to file a petition for discretionary review or Singleton
must file a pro se petition for discretionary review.Â  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last
timely motion for rehearing that was overruled by this Court.Â  See
Tex. R. App. P. 68.2.Â  Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.Â  See
Tex. R. App. P. 68.3.Â  Any petition for discretionary review should
comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.Â  See
Tex. R. App. P. 68.4.